992

NEWARK STOVE CO. v. GRAY & DUDLEY CO.

No. 129.

District Court, M. D. Tennessee, Nashville Division.

May 28, 1941.

J. D. Mosby (of Cornelius, McKinney & Gilbert), of Nashville, Tenn., and Casper W. Ooms (of Dawson, Ooms & Booth), and Frank H. Marks (of Lederer, Livingston Kahn & Adsit), both of Chicago, Ill., for plaintiff.

William Hume (of Trabue, Hume, Davis & Gale), of Nashville, Tenn., and James L. McManus (of Cromwell, Greist & Warden), of Chicago, Ill., for defendant.

DAVIES, District Judge.

I have tried to consider this question from every angle, that is, every material angle that has been brought up in this case.

I find that Mr. Pickup filed his application for the patent in question, the Pickup patent for the Cabinet Heater, on April 11, 1934, and the patent was actually issued by the Patent Office on November 19, 1935. When the application for a patent was first filed there were five claims made for it and opposition or objections were filed to those claims by the Examiner. Claim 4 was amended by the Examiner. Then, after several claims had been canceled and disallowed, which proceedings are shown in the patent wrapper, and which I will not go into in detail at this time, it appears that Claim 10 was finally allowed and that claim enters into the question of the validity of this patent considerably. At the same time, Claim 11 of the patent was rejected and canceled. Paragraph 5 of Claim 11 provided that each of the side walls of the heater in question having a large opening opposite the side heating surfaces of said heat unit.

Claim 10, as finally allowed, reads as follows: "Each of said side walls having an opening of a size substantially co-extensive with the adjacent side radiating surfaces of said heat radiating unit."

Further on, both Claims 10 and 11 contained similar paragraphs, which is numbered 6 in each claim, paragraph 6 in Claim 11, reading "panels having inner heat reflecting walls for closing the respective openings." Paragraph 6 in Claim 10 reading, "panels having heat reflecting walls for closing the respective openings."

I find, as the patent was finally allowed, the heat reflecting walls played an important part. While the court finds that that particular claim of the patent, or that that

particular feature of the heater, was not stressed when the application was first filed, and that apparently the purpose of the inventor was to obtain a patent on a device which would change a circulating heater into a radiating heater unit, without particular emphasis being placed in the reflecting radiation qualities of the side panel in question, yet objections were filed and were allowed and considerable improvements were made, the patent as was finally issued provided for that feature and which is, to the court, a very important feature of the patent. The court finds that the Howell patents and the Pape patents and the Lowell patents did not incorporate this feature, and refers to the granting of the patent in question as evidence of that fact. If they had incorporated it, there is considerable doubt in the court's mind that the Pickup patent would have been granted.

Now, it is insisted, with substantial reason, that the heater which is being built or being manufactured by the defendants employing a side wall opening is not an infringement of the patent for the reason that Claim 10 states each of the side walls shall have an opening of a size substantially co-extensive with the adjacent side radiating surfaces of said heat radiating unit, whereas, Claim 11, paragraph 5, which was rejected, provided that each of the side walls should have a large opening. And that claim, which was abandoned, prevents the heater manufacturer, the defendant, from infringing the patent because if its heater has a large opening in the side and that opening in size is not co-extensive with the side of the heater and that heaters with large openings had been manufactured for many years prior to the application for the patent in this case, as shown by the Howell heaters and the Lowell heaters, and that the fact that this claim was rejected and abandoned, constitutes also a judicial estoppel of the assertion of this claim now. Furthermore, that is not a matter of invention, merely regulating the size of the opening which has been in public use for more than two years prior to the application for the patent.

So far as the public use is concerned, the only evidence in that respect before the court is defendant's Exhibit 5 of Model 25, I believe, of a stove manufactured, beginning in 1928, which heater contains two doors located on the side of the heater, either one of which would approximate the same rectangular shape of the panel provided for in the Pickup patent.

Now, the court finds that those two doors on Exhibit 5 were used solely for the purpose of entrance doors or access doors to the heating unit inside of the furnace, and that no claim was ever made or that no use was ever made of the doors for any reflecting radiation qualities. No claims have been made in the descriptive literature of defendant for such qualities in the doors in question. That being the only evidence in the record in that respect, the court finds that there was no public use of the patent in question for more than two years before the application was filed.

Now, the important question to the court, and which is probably the main question in the case, at least one of considerable importance, is the legal definition that will have to be interpreted in connection with the words used in Paragraph 5 of Claim 10, relative to an opening of a size substantially co-extensive with the adjacent side radiating surface of the heating unit. The court has endeavored to secure some help from Mr. Webster in this respect, but has not been particularly successful. The word "substantial" is defined in Webster's Dictionary as "in substance or in a substantial manner; materially or essentially." Co-extensively is defined as "having the same extension." The definition of "extension" is "that property of a body by which it occupies a portion of space." I do not know or cannot account for the use of those particular words by the Examiner, or whoever prepared Claim 10. It is apparent from the drawing of the patent in question that the patent contemplated a large size opening in the side walls of the heater. I would not say from the drawing that it was contemplated actually to be co-extensive or occupying the same space in the side walls, because the drawing itself shows there is considerable space left in the side wall around the panel in question, both on the sides and at the top.

We start with the legal proposition of the presumption of the validity of the patent, and in this case, where a patent has been fairly successful or where the invention has been fairly successful. Quite a number of licensees are using the patent in manufacturing stoves. Evidently the defendant in the case had some excellent qualities in the stove it manufactured, which have been popular with the stove buying public and selling the idea of reflected radiation, incorporated in the heaters in question which were manufactured by the defendant,

particularly as a desirable feature, and so advertised by the defendant.

 Now, as to the question of invention: It has been held that widespread commercial success of a patented device should be taken into consideration in determining the question of invention. And the fact that a patented device overcame defects in prior structures, which the present skill in the art had, for several years, been trying to successfully remedy, and went into immediate successful commercial use, is persuasive evidence of an invention.

 Considerable stress has been laid by the defendant upon the Howell, Pape and Lowell patents, and particularly with reference to these openings on the side of the various heaters. It appears to the court that it is much easier to sit down and find and point out flaws in some person's patent, than perhaps it would be to perfect a patent from the beginning; that it is much easier to observe these matters after an invention has been patented, than probably it would be beforehand; and that is recognized also by the decisions, which hold to this legal proposition. "The fact that an expert, with the patent before him, with the use of the information and suggestions, thereby is able to construct the patented device from that—does not overcome the presumption arising from the granting of the invention."

 There is a presumption of invention in this case, a presumption in favor of the validity of the patent. The burden of proof is on the defendant to overcome that presumption. The court feels in this case that that presumption has not been overcome and that the defendants have not carried the burden.

I am impressed with the simplicity and effectiveness of the patent in question. And if we were to say that the law provides that, merely because a door in the furnace manufactured by the defendant is not as large and does not occupy the same space as called for in Claim 10 of the patent, yet, on the other hand, has all of the desirable features of the patent itself, the principle of the reflective radiation, particularly, I think we would be going far afield from the equitable application of the law regarding patents.

 I shall, therefore, have to hold in this case that the stoves manufactured by the defendants involve the principles claimed under the Pickup patent, and does infringe the patent, and the· injunction asked for will be granted by the court.